IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| CHRISTOPHER CROSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 5:21-cv-6037-CV-W-DGK |
| ) | |
| CITY OF CHILLICOTHE, MISSOURI, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER DENYING VARIOUS DISCOVERY MOTIONS

This case involves the closing of a police investigation due to the complainant allegedly declining to provide his home address to the police. Pro se Plaintiff Christopher Cross reported what he believed to be criminal conduct to the Chillicothe, Missouri Police Department by contacting Officers Jon Maples and Brian Schmidt. Plaintiff is allegedly a participant in a Missouri statutory program that shields his home address from public disclosure. Officer Schmidt allegedly requested Plaintiff's home address during the process of the investigation, but Plaintiff declined to provide it based on his alleged statutory protections. Officer Schmidt then allegedly closed the investigation due to Plaintiff's refusal. Plaintiff filed a four-count Section 1983 lawsuit in this Court, alleging that Defendant Schmidt, Defendant Maples, and Defendant City of Chillicothe, Missouri: (1) violated his First Amendment Rights; (2) retaliated against him for exercising his First Amendment Rights; (3) violated his Fourteenth Amendment Due Process Rights; and (4) violated his Fourteenth Amendment Equal Protection Rights.

Now before the Court are numerous motions: (1) Plaintiff's Motion for Judicial Notice of Screenshots, ECF No. 76; (2) Plaintiff's Amended Motion for Sanctions Against Defendant Jon Maples, ECF No. 78; and (3) Plaintiff's Motion to Compel Discovery, ECF No. 80.

The Court previously denied Plaintiff's very similar discovery-related motions because he failed to comply with Local Rule 37.1. ECF No. 71. In that order, the Court denied the motions because he had "not indicated compliance with this rule as required, and he [had] filed a written discovery motion before any telephone conference." *Id.* Despite this order, Plaintiff has again filed discovery-related motions in circumvention of Local Rule 37.1. That rule requires:

> Unless the Court orders otherwise, no party may file a discovery motion until:
>
> 1. An attorney for the prospective moving party has, in good faith, conferred or attempted to confer by telephone or in person with opposing counsel concerning the matter. The attorney must do more than merely write a demand letter.
>
> 2. If the issues remain unresolved after the attorney has satisfied Rule 37.1(a)(1), the attorney must arrange with the Court for an immediate telephone conference with the judge and opposing counsel. When communicating with the Court, the attorney for the prospective moving party must certify compliance with this Rule. The attorney may not file a written discovery motion until after this telephone conference.

Local Rule 37.1(a)(1)–(2).

No discovery telephone conference has occurred, yet Plaintiff has filed the above motions. Plaintiff argues that Local Rule 37.1 does not apply to his motion for sanctions or judicial notice. But this is incorrect. All these motions are directly related to alleged misconduct at Jon Maples' deposition and an alleged failure to produce documents. These are unquestionably discovery motions, as made clear by this Court's prior order, the plain language of the rule, and numerous prior decisions from this Court. *See* ECF No. 71; Local Rule 37.1; *Rey v. Gen. Motors LLC*, No. 4:19-CV-00714-DGK, 2021 WL 1407958, at *3 (W.D. Mo. Apr. 14, 2021) (denying motion for sanctions related to deposition for failure to comply with Rule 37.1); *Reinerio v. Bank of New York Mellon*, No. 15-CV-161-FJG, 2015 WL 4425856, at *8 (W.D. Mo. July 20, 2015) (denying pro se plaintiff's motion to compel discovery for failure to comply with Rule 37.1), *aff'd sub nom. Reinerio v. The Bank of New York Mellon*, 668 F. App'x 669 (8th Cir. 2016). Not only that, but

2

Plaintiff has also litigated a prior case in which his discovery motion was denied for failure to comply with Local Rule 37.1. *See Cross v. JMS Homes, Inc.*, 05-6005-CV-SJ-GAF, ECF No. 48 (W.D. Mo. Aug. 16, 2005). In short, Plaintiff is well aware of Rule 37.1, but he has chosen to violate it. Accordingly, the motions are DENIED.

But that does not end the issue. Plaintiff's filing of this motion directly disregarded this Court's prior order as well as the Local Rules and the Court's caselaw that make clear he cannot file a discovery motion without first having a discovery telephone conference. Plaintiff is warned that if he again defies the Court's orders or files motions that violate—or are unsupported by— caselaw or this Court's rules, the Court may impose sanctions against him under Federal Rules of Civil Procedure 11 or 41(b), 28 U.S.C. § 1927, and/or the Court's inherent authority. These sanctions may include, but are not limited to, imposing monetary sanctions against Plaintiff or dismissing this case under Federal Rule of Civil Procedure 41(b).

If Plaintiff wishes to raise these discovery-related issues, he must strictly follow the procedures set forth in Local Rule 37.1. This requires him to: (1) confer with opposing counsel as required under Local Rule 37.1; (2) if that is unsuccessful, then he may email the Court's staff to arrange a discovery dispute telephone conference; (3) in the email asking for a teleconference, he must clearly indicate compliance with Local Rule 37.1 and outline the issue(s) for the teleconference in two paragraphs or less; and (4) he must not file any discovery motions before the Court holds a discovery telephone conference.

For the reasons stated above, Plaintiff's discovery related motions are DENIED.

**IT IS SO ORDERED.**

Date:  June 10, 2022             /s/ Greg Kays
                                                                                          GREG KAYS, JUDGE
                                                                                          UNITED STATES DISTRICT COURT