# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| CHRISTOPHER CROSS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF CHILLICOTHE, MISSOURI, ) <br> et al., ) <br> ) <br> Defendants. ) | No. 5:21-cv-6037-DGK |

## ORDER DENYING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL

This case involves the closing of a police investigation due to the complainant allegedly declining to provide his home address to the police. Pro se Plaintiff Christopher Cross reported what he believed to be criminal conduct to the Chillicothe, Missouri Police Department by contacting Officers Jon Maples and Brian Schmidt. Officer Schmidt allegedly closed the investigation after Plaintiff refused to provide his home address based on his alleged participation in a Missouri statutory program that shields addresses. Plaintiff filed a four-count Section 1983 lawsuit in this Court, alleging that Defendants Schmidt, Maples, and the City of Chillicothe, Missouri: (1) violated his First Amendment Rights; (2) retaliated against him for exercising his First Amendment Rights; (3) violated his Fourteenth Amendment Due Process Rights; and (4) violated his Fourteenth Amendment Equal Protection Rights.

Now before the Court is Plaintiff's motion to voluntarily dismiss this lawsuit without prejudice under Federal Rule of Civil Procedure 41(a)(2). Mot., ECF No. 89. Defendants oppose the motion. Suggestions in Opposition, ECF No. 94.

For the reasons discussed below, Plaintiff's motion to voluntarily dismiss without prejudice is DENIED. In accordance with the Court's directives below, Plaintiff shall raise any pending discovery disputes on or before November 4, 2022. Plaintiff shall also file any opposition to

Defendants' motion for summary judgment on or before November 22, 2022.

**Discussion**

Plaintiff argues that the Court should allow dismissal because he recently lost his job, he suffers from an ailment that has confined him to a wheelchair, and this Court is unfairly biased against him. Suggestions in Supp., ECF No. 90; Reply in Supp., ECF No. 95. Defendants counter that dismissal is inappropriate because Plaintiff's reasons for dismissal do not suffice, the case has been extensively litigated, they have recently filed a summary judgment motion, and they would be prejudiced by any dismissal. Suggestions in Opposition, ECF No. 94.

Rule 41(a)(2) allows for dismissal "only by court order, on terms that the court considers proper." The Eighth Circuit has formulated various factors to guide the Court's inquiry: (1) "whether the party has presented a proper explanation for its desire to dismiss;" (2) "whether a dismissal would result in a waste of judicial time and effort;" (3) "whether a dismissal will prejudice defendants." *Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1213–14 (8th Cir. 2011) (internal quotation marks omitted); *see also Tillman v. BNSF Railway Co.*, 33 F.4th 1024, 1027 (8th Cir. 2022) (citing same factors). In evaluating these factors, the Court must also be mindful that "a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." *Thatcher*, 659 F.3d at 1214.

These factors favor denying the motion. First, Plaintiff has not provided a proper explanation for dismissal. While it is unfortunate that Plaintiff has recently endured financial and physical hardships, the Court finds that these are not sufficient reasons for dismissal at this late stage of the case. This case has already reached the summary judgment stage, with Defendants filing their summary judgment brief the day before Plaintiff's motion to dismiss. The parties have already completed time-consuming and resource-intensive discovery, and the filing of a summary judgment response would only add slight—if any—incremental costs. Plaintiff can also try this

case on limited budget since it is not complex. Moreover, despite Plaintiff's physical and financial hardships, he was able to draft a thorough reply in support of his motion to dismiss less than a day after Defendants filed their opposition. So the Court is confident that Plaintiff can continue litigating this case despite his unfortunate circumstances.

Aside from his physical and financial hardships, Plaintiff also makes clear that he seeks dismissal to prevent the undersigned from presiding over the case. Suggestions in Supp., ECF No. 90 at 2 ("Judge Kays continues his conduct showing his overt personal bias and/or prejudice, which continues to inflict severe, pervasive, irreparable, and tangible adverse harms on the Plaintiff, that the only recourse that is available to the Plaintiff is to voluntarily dismiss his cause of action."). Plaintiff previously filed a motion to disqualify the undersigned and filed a judicial complaint against him with the Eighth Circuit, both of which were denied. Much of Plaintiff's motion to dismiss repeats the judicial bias arguments raised in those filings as reasons why he should be allowed to dismiss this case. So Plaintiff is explicitly seeking to dismiss in part for forum shopping reasons. Not only that, but Plaintiff also filed this motion a day after Defendants filed their summary judgment motion on all claims, which appears meritorious. The timing of Plaintiff's motion along with the nature of Defendants' motion suggest that Plaintiff is also seeking dismissal to avoid an adverse decision.

On the first factor, the Court finds that Plaintiff has not provided proper reasons for dismissal; rather, he is transparently seeking dismissal in part to forum shop and avoid an adverse decision. *See Thatcher*, 659 F.3d at 1213–15; *see also Graham v. Mentor Worldwide LLC*, 998 F.3d 800, 805 (8th Cir. 2021) (affirming denial of voluntary dismissal motion where it was apparent that the plaintiff was seeking dismissal to avoid an adverse decision); *Donner v. Alcoa, Inc.*, 709 F.3d 694, 699 (8th Cir. 2013) (reversing district court that granted voluntary dismissal without inquiring whether dismissal was simply meant to seek a more favorable forum).

Second, dismissing this case would lead to a waste of judicial resources. This case is at the summary judgment stage, and this Court has already invested significant time and resources into adjudicating it. The Court has conducted extensive legal research and written numerous orders on a variety of motions, including motions to dismiss, motions to strike, motions to disqualify, motions to amend the scheduling order, motions to stay the case, and various discovery-related motions. The Court has also recently spent significant time becoming familiar with the summary judgment record. The Court is familiar with the applicable law and facts, so potentially having this case refiled before a different court would result in that court wasting its resources on issues that this Court has already decided or become familiar with. Thus, the judicial resources factor supports denial of the motion. *Cf. Graham*, 998 F.3d at 805 (noting that infancy of the case weighed was "relevant" to the dismissal inquiry but outweighed by other factors); *Mullen v. Heinkel Filtering Sys, Inc.*, 770 F.3d 724, 729 (8th Cir. 2014) (affirming grant of voluntary dismissal where the case was only in the early stages of discovery).

Third, Defendants would be prejudiced by a dismissal. Defendants have filed a motion for summary judgment that raises the defense of qualified immunity, and it appears to have merit. If the Court were to dismiss this case now, it could be refiled and Defendants would be subjected to another lawsuit. While the threat of another lawsuit typically does not constitute prejudice, *see Tillman*, 33 F.4th at 1030, dismissal here would be prejudicial because it would rob Defendants of the purpose behind qualified immunity: to provide immunity from suit. *See Pearson v. Callahan*, 129 S.Ct. 808, 818 (2009). Put differently, subjecting Defendants to a second case involving another round of discovery where it appears that they may be immune from suit altogether would unquestionably be prejudicial. Thus, Defendants would be prejudiced by dismissing this case without first deciding the pending motion for summary judgment.

Since all the factors suggest dismissal is inappropriate,[1] the Court DENIES Plaintiff's motion to dismiss without prejudice.

Because of this denial, the Court must address a few scheduling issues. Less than a week before Plaintiff moved to dismiss this case, Plaintiff raised a discovery dispute with the Court. The Court then stayed that dispute pending its ruling on this issue. If Plaintiff wishes to renew his request for a discovery dispute, he must strictly follow the procedures set forth in Local Rule 37.1. This requires Plaintiff to: (1) confer with opposing counsel as required under Local Rule 37.1; (2) if that is unsuccessful, then Plaintiff may email the Court's staff to arrange a discovery dispute telephone conference; (3) in the email asking for a teleconference, he must clearly indicate compliance with Local Rule 37.1 and outline the issue(s) for the teleconference in two paragraphs or less; and (4) he must not file any discovery motions before the Court holds a discovery telephone conference. Plaintiff shall do this on or before November 4, 2022.

Finally, Plaintiff's opposition to Defendants' summary judgment was due on or before July 5, 2022. Plaintiff did not file his opposition by the deadline. Given that this case is continuing, the Court GRANTS Plaintiff leave to file his summary judgment opposition out of time. If Plaintiff wishes to oppose summary judgment, he must file his opposition on or before November 22, 2022. Given that Plaintiff has now had many months in which to draft his summary judgment opposition, no further extensions will be granted.

## Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's motion to dismiss.

---

[1] Other Eighth Circuit cases apply similar—but not precisely the same—factors to determine whether dismissal is appropriate under Rule 41(a)(2). *See, e.g., Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 840 (8th Cir. 2022). Application of the factors from those cases also supports dismissal of Plaintiff's motion because: (1) Defendants have invested significant time and resources into litigating this case by completing discovery and filing and responding to various motions; (2) Plaintiff has shown significant delay in conducting discovery and bogged down the litigation with numerous meritless motions and disputes; (3) Plaintiff provided an insufficient explanation for dismissal as noted above, including openly seeking dismissal for forum shopping and attempting to avoid an adverse decision; and (4) Plaintiff filed his motion right after Defendants filed their summary judgment motion. *See id.*

**IT IS SO ORDERED.**

Date:  October 25, 2022                                     /s/ Greg Kays
                                                            GREG KAYS, JUDGE
                                                            UNITED STATES DISTRICT COURT