IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

CHRISTOPHER CROSS, )
)
    Plaintiff, )
)
v. ) No. 5:21-cv-6037-DGK
)
CITY OF CHILLICOTHE, MISSOURI, )
et al., )
)
    Defendants. )

## ORDER GRANTING PLAINTIFF'S MOTION TO SEAL AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This case involves the closing of a police investigation due to the complainant allegedly declining to provide his home address to the police. Pro se Plaintiff Christopher Cross reported what he believed to be criminal conduct to the Chillicothe, Missouri Police Department by contacting Officers Jon Maples and Brian Schmidt. Officer Schmidt allegedly closed the investigation after Plaintiff refused to provide his home address based on his alleged participation in a Missouri statutory program that shields addresses. Plaintiff filed a four-count Section 1983 lawsuit in this Court, alleging that Defendants Schmidt, Maples, and the City of Chillicothe, Missouri: (1) violated his First Amendment Rights; (2) retaliated against him for exercising his First Amendment Rights; (3) violated his Fourteenth Amendment Due Process Rights; and (4) violated his Fourteenth Amendment Equal Protection Rights.

Now before the Court are: (1) Plaintiff's motion to seal, ECF No. 66; and (2) Defendants' motion for summary judgment on all claims, ECF No. 87. For the following reasons, both motions are GRANTED.

**I. The affidavits filed by Plaintiff should be sealed.**

Plaintiff requests that the Court seal an affidavit from his friend that Plaintiff previously filed with the Court because it relates to a paragraph in Defendants' answer that the Court sealed. ECF No. 64. Defendants have not opposed the request.

Plaintiff does not direct the Court to the exact docket entries containing the affidavit, but the Court's own review suggests that Plaintiff seeks to seal docket entries 13-2 and 14-2. Because these entries contain an affidavit related to a document the Court has already sealed, the Court GRANTS Plaintiff's motion and seals these docket entries.

**II. Defendants are entitled to summary judgment on all claims.**

Defendants argue, among other things, that Plaintiff has not shown a constitutional violation, Defendants Schmidt and Maples are entitled to qualified immunity, and Plaintiff has not established *Monell* liability against the City of Chillicothe. Suggestions in Support, ECF No. 88. In opposition, Plaintiff never counters these arguments or disputes the facts asserted by Defendants. Suggestions in Opposition, ECF No. 98. Instead, Plaintiff argues that he is not required to file an opposition, Defendants' brief violates the Local Rules, the undersigned is biased against him, and he is unable to file a brief due to financial and physical hardships. *Id.*

None of Plaintiff's arguments have merit. First, although Plaintiff is not "required" to file an opposition, his failure to counter Defendants' arguments and factual assertions has consequences. By not responding substantively, Plaintiff has waived any substantive argument against summary judgment, has failed to carry his burden to defeat qualified immunity, and has allowed Defendants' facts to all be deemed admitted. *See Johnson Tr. of Operating Eng'rs Loc. #49 Health & Welfare Fund v. Charps Welding & Fabricating, Inc.*, 950 F.3d 510, 523 (8th Cir. 2020) ("Because the Trustees 'failed to provide meaningful analysis' explaining how the disputed facts supported their claim for unpaid contributions for Charps's employees, the claim

could not survive the defendants' motion for summary judgment."); *Kuessner v. Wooten*, 987 F.3d 752, 755 (8th Cir. 2021) ("The plaintiff has the burden to show that his or her right was clearly established at the time of the alleged violation."); Local Rule 56.1(b)(1) ("Unless specifically controverted by the opposing party, all facts set forth in the statement of the movant are deemed admitted for purposes of summary judgment."). Second, Defendants' brief complies with the Local Rules and was filed before the dispositive motion deadline. *See* ECF Nos. 35, 39. Third, Plaintiff's claims of bias have been repeatedly rejected by the Court and provide no basis to deny summary judgment. Finally, the Court addressed Plaintiff's hardships in its order denying Plaintiff's motion to dismiss. *See* ECF No. 97.

Since Plaintiff has failed to provide any substantive grounds for denying summary judgment, Defendants' facts are deemed admitted and they are entitled to summary judgment. *See Charps*, 950 F.3d at 523; *Kuessner*, 987 F.3d at 755; Local Rule 56.1(b)(1); *see also Paskert v. Kemna-ASA Auto Plaza, Inc.*, 950 F.3d 535, 540 (8th Cir. 2020) ("[E]ven if Paskert had properly pled a sex discrimination claim, she waived it when she failed to oppose summary judgment on those grounds."). Even if Plaintiff had provided a substantive response, the Court would still find that Defendants are entitled to summary judgment for the reasons stated in their briefing. Accordingly, the Court GRANTS Defendants' motion for summary judgment.

## Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's motion to seal and Defendants' motion for summary judgment.

IT IS SO ORDERED.

Date:  December 29, 2022  
/s/ Greg Kays  
GREG KAYS, JUDGE  
UNITED STATES DISTRICT COURT